**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

BRIAN A. PICCINETTI,

    Plaintiff,

v.

CLAYTON, MYRICK, MCCLANAHAN & COULTER, PLLC, et al.,

    Defendants.

Civil Action No. 16-4032 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Clayton, Myrick, McClanahan & Coulter, PLLC ("Clayton"), Internal Credit Systems, Inc. ("ICS"), and Robert J. Nauseef's ("Nauseef") (collectively, "Defendants") Motion for Judgment on the Pleadings with respect to Counts Three and Four of Plaintiff Brian A. Piccinetti's ("Plaintiff") Complaint. (ECF No. 23.) Plaintiff[1] responded (ECF No. 24-1) and Defendants replied (ECF No. 26). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion is GRANTED in part and DENIED in part.

---

[1] The Court notes that Plaintiff filed suit individually and on behalf of all others similarly situated. (*See* Compl. 1, ECF No. 1.) This action, however, has yet to be certified as a class action and, accordingly, for the purposes of the underlying motion, will not be treated as such.

## I. Background[2]

Plaintiff is a resident of the State of New Jersey. (Compl. ¶ 6, ECF No. 1.) Clayton is a law firm with its principal place of business in North Carolina. (*Id.* ¶ 10.) ICS is a collection agency with its principal place of business also in North Carolina. (*Id.* ¶ 7.) Nauseef is an attorney employed by Clayton.[3] (*Id.* ¶ 13.)

Prior to May 30, 2016, Plaintiff signed a contract with Gold's Gym for a gym membership. (*Id.* ¶¶ 14-15.)[4] Plaintiff's debt to Gold's Gym "was assigned to or purchased by ICS." (*Id.* ¶ 18.) On or "around April 7, 2016, ICS began a collection campaign which included calling . . . Plaintiff." (*Id.* ¶ 19.) During one of these calls, Plaintiff spoke with an ICS representative who demanded $200 and "misled . . . Plaintiff into believing he was an attorney and calling on behalf of an attorney." (*Id.* ¶¶ 20-22.) Also during this call, "the ICS representative failed to notify . . . Plaintiff that he was a debt collector and was calling in an attempt to collect a debt, and any information obtained would be used for that purpose." (*Id.* ¶ 23.) ICS hired Clayton to collect Plaintiff's debt. (*Id.* ¶ 26.)

"On or [around] May 30, 2016, . . . Clayton and Nauseef . . . caused to be delivered to . . . Plaintiff a collection letter [(the 'Collection Letter')] . . . in an attempt to collect the alleged . . . debt." (*Id.* ¶ 27.) This letter was the first communication Plaintiff had with Clayton. (*Id.* ¶ 31.) The letter stated that Clayton's records indicated that Plaintiff had not responded to its previous attempts to settle the account and had disregarded the potential civil action against him. (*Id.* ¶ 32.)

---

[2] For the purposes of this section, the Court takes the facts pled in Plaintiff's Complaint as true. *See Philips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[3] Plaintiff does not plead the state in which Nauseef is a resident. (*See* Compl.)

[4] The Complaint inadvertently numbers two different sets of paragraphs with identical numbers 13-15. The allegations cited here appear in the second set on page five of the Complaint.

2

Plaintiff pled on information and belief that "no attorney reviewed the . . . [l]etter before it was mailed out to . . . Plaintiff"; "no attorney reviewed . . . Plaintiff's account before the . . . [l]etter was mailed out to . . . Plaintiff"; and "no attorney reviewed . . . Plaintiff's account and made a reasoned, professional judgment that the amount[] sought on the . . . [l]etter was owed by . . . Plaintiff or that . . . Plaintiff was actually delinquent on this alleged debt." (*Id.* ¶¶ 38-40.)

## II. Legal Standard

A court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are

3

sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**III. Discussion**

    **A.**     **Count Three—Alleged Violations of 15 U.S.C. § 1692e(2), (5), and (10)**

        1.     <u>15 U.S.C. § 1692e(2)</u>

Defendants argue that Plaintiff has failed to plead a violation of 15 U.S.C. § 1692e(2) because the Complaint "does not deny that [Plaintiff] owes money to Gold's Gym, or that the amount stated [in the Collection Letter was] incorrect." (Defs.' Moving Br. 4-6, ECF No. 23-1.) 15 U.S.C. § 1692e(2) prohibits "[t]he false representation of . . . the character, amount or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. Here, Plaintiff fails to respond to Defendants' Section 1692e(2) arguments in his Opposition Brief and appears to concede Defendants' argument. (*See generally* Pl.'s Opp'n Br., ECF No. 24-1.) Accordingly, the Court grants Defendants' Motion to Dismiss with respect to 15 U.S.C. § 1692e(2).[5]

---

[5] Based on the Court's review of Defendants' motion papers, Defendants' arguments appear meritorious absent any response from Plaintiff. Plaintiff's failure to respond to Defendants with respect to this issue does not require the Court to perform Plaintiff's work for him in its consideration of Defendants' Motion. Accordingly, although the Court will permit Plaintiff to file

4

2. <u>15 U.S.C. § 1692e(5)</u>

Defendants next argue that Plaintiff fails to state a claim under 15 U.S.C. § 1692e(5). In support of Clayton and Nauseef's purported violation of 15 U.S.C. § 1692e(5), Plaintiff alleges that the Collection Letter contained the following language:

> [O]ur record reveals that you have: 1. Failed to respond to previous attempts to settle this account; and 2. Disregarded possible civil action against you for which you may become liable for costs of court and interest in addition to the outstanding balance. . . . Pursuant to the Fair Debt Collection Practices Act [("FDCPA")], the thirty days validation period concerning the validity of your debt has now passed without you seeking to verify the debt. If the debt is not settled within ten (10) days, then I may be instructed to take further action accordingly and forward this account to counsel in your local area. In accordance with local law, you may then become liable for the costs of court and interest in addition to the outstanding balance. If your contract or local law specifies your liability for attorneys' fees, local counsel may vigorously pursue those as well.

(Compl. ¶ 32; *id.* Ex. A.) Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In a similar case, the Third Circuit determined that the following allegations adequately stated a FDCPA violation: (1) the debt collection letter stated the possibility of two outcomes upon failure to respond within five days—"the commencement of a lawsuit or the referral of the debt to [the debt collection firm's] attorney"; (2) the debt collection firm "never intended to file a suit against [the plaintiff] for collection, never had any intention of referring [the plaintiff's] case to its attorney, and that as a matter of course, [the debt collection firm] does not 'refer class member's . . . alleged debts to [its] attorney for prosecution, but only refer[s] the alleged debt(s) to another collection agency." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006). Although Plaintiff does not make any

---

an amended complaint, Plaintiff should respond to Defendants' arguments raised on any subsequent motions.

5

allegations concerning Clayton and Nauseef's typical practices, Plaintiff pleads that "[u]pon information and belief, there has been no civil action filed against . . . Plaintiff." (Compl. ¶ 33.) In his Opposition Brief, however, Plaintiff alleges that Clayton and Nauseef eventually filed a collection action "months" after the instant action was filed and nine months after the Collection Letter was issued. (Pl.'s Opp'n Br. 11.) Defendants concede that a suit was filed and do not dispute Plaintiff's characterization concerning the timing of the collection action. (Defs.' Reply Br. 8.) Upon review of the parties' submissions, the Court finds that at the current stage of the proceedings, Plaintiff has adequately pled a FDCPA violation with respect to Clayton and Nauseef's intent to refer Plaintiff's account to local counsel for purposes of filing legal action.[6]

    3.    <u>15 U.S.C. § 1692e(10)</u>

Defendants argue that Plaintiff has failed to plead a violation of 15 U.S.C. § 1692e(10) "for the same reasons as [Plaintiff's] Section 1692e(2) and 1692e(5) claims." (Defs.' Moving Br. 10.) Accordingly, for the reasons set forth above with respect to Clayton and Nauseef's intent to refer Plaintiff's account to local counsel for purposes of filing legal action, the Court denies Defendants' Motion to Dismiss as to 15 U.S.C. § 1692e(10).

---

[6] Although Defendants correctly note that the Third Circuit's decision in *Brown* did not reach whether the allegations specifically violated Subsection 1692e(5) of the FDCPA, the court nonetheless determined that the plaintiff stated a viable claim under Section 1692e. *See Brown*, 464 F.3d at 454-55. The Court follows the Third Circuit's approach in *Brown* and permits Count Three to survive with respect to the allegations concerning Clayton and Nauseef's intent to refer Plaintiff's account to local counsel for purposes of filing legal action.

4. <u>15 U.S.C. § 1692e[7]—Meaningful Involvement by Attorneys</u>

In Plaintiff's Opposition Brief, Plaintiff contends that "[t]he crux of [his] claims against Clayton and Nauseef . . . is that they allowed ICS to utilize their names and letterhead without any attorney actually being meaningfully involved in the collection of . . . Plaintiff's account." (Pl.'s Opp'n Br. 4-8.) Although Plaintiff references certain allegations from the background section of the Complaint, Count Three does not appear to allege Clayton and Nauseef's lack of meaningful involvement as a basis for a violation of 15 U.S.C. § 1692e. Accordingly, it is unclear which Defendants are implicated by this allegation, and the Court finds that the Complaint fails to provide adequate notice to Clayton and Nauseef with respect to the allegation in Count Three.[8] Moreover, the only allegations pled in support of a lack of meaningful involvement by attorneys are conclusory allegations pled "upon information and belief." The Third Circuit permits plaintiffs to plead upon information and belief "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no '*boilerplate and conclusory allegations*' and '*[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.*'" *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)) (alterations in original). Accordingly, in light of Plaintiff's failure to allege any facts regarding the purported lack of meaningful involvement by attorneys, Defendants' Motion is granted with respect to this claim.

---

[7] It appears from Plaintiff's Opposition Brief, that Plaintiff intended to allege the lack of meaningful involvement of attorneys under 15 U.S.C. § 1692e generally, and not under any particular subsection of the statute. (*See* Pl.'s Opp'n Br. 4-8.)

[8] In light of Plaintiff's failure to provide Defendants with adequate notice, Defendants did not have the opportunity to fully brief their position with respect to their request for dismissal of Count Three.

7

### B. Count Four—Alleged Violations of 15 U.S.C. § 1692j

Defendants argue that Plaintiff has failed to plead a violation of 15 U.S.C. § 1692j because Section 1692j "does not apply to collection letters sent by one debt collector on behalf of another debt collector." (Defs.' Moving Br. 10.) Plaintiff, however, failed to respond in his Opposition Brief and appears to concede Defendants' argument. (*See generally* Pl.'s Opp'n Br.) Accordingly, the Court grants Defendants' Motion to Dismiss with respect to 15 U.S.C. § 1692j.[9]

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Defendants' Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. An order consistent with this Memorandum Opinion will be entered.

Dated: September 5, 2017

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[9] Based on the Court's review of Defendants' motion papers, Defendants' arguments appear meritorious absent any response from Plaintiff. Plaintiff's failure to respond to Defendants with respect to this issue does not require the Court to perform Plaintiff's work for him in consideration of Defendants' Motion. Accordingly, although the Court will permit Plaintiff to file an amended complaint, Plaintiff should respond to Defendants' arguments raised on any subsequent motions to dismiss.