# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. PICCINETTI,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON, MYRICK, MCCLANAHAN & COULTER, PLLC, et al.,<br><br>Defendants. | Civil Action No. 16-4032 (TJB)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Brian A. Piccinetti's (Plaintiff) motion seeking a Final Order and Judgment against Defendants Clayton, Myrick, McClanahan & Coulter, PLLC (the "PLLC"), Internal Credit Systems, Inc. ("ICS") and Robert J. Nauseef ("Nauseef"). (Docket Entry No. 74). No opposition has been filed in response to Plaintiff's motion. The Court has fully reviewed and considered the arguments made in support of Plaintiff's motion. The Court considers Plaintiff's motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth briefly below, Plaintiff's motion is GRANTED.

**I.     Background and Procedural History**

While this matter has an extensive factual background, the Court does not restate it at length herein. Instead, only those facts relevant to the pending motion are included.

On December 28, 2017, the parties informed the Court that a settlement had been reached in this matter. According to the terms of the settlement, Defendants agreed to pay Plaintiff $2,500.00 on or before January 15, 2018. The parties, however, could not reach an agreement with respect to the appropriate fee for Plaintiff's counsel. The parties did, however, agree to consent to Magistrate Judge jurisdiction with respect to Plaintiff's anticipated fee application. (*See*

Email from Christopher Dalton to Hon. Tonianne J. Bongiovanni with cc to Ari Marcus and Patrick D. Doran of 12/28/2017 at 12:34 p.m., Ex. A. to Decl. of Christopher J. Dalton, Esq. of 3/30/2018; Docket Entry No. 52-1); Order and Notice of Consent to Jurisdiction by U.S. Magistrate Judge of 1/8/2018, Docket Entry No. 43.

On March 2, 2018, Plaintiff filed a motion for attorneys' fees. [Docket Entry No. 47]. On March 30, 2018, Defendants opposed Plaintiff's motion. (Docket Entry No. 52). While Defendants agreed that Plaintiff was "a 'prevailing plaintiff' entitled to make an application for attorneys' fees and costs[,]" they disagreed that the fee sought was reasonable under the circumstances. (Letter Br. from Christopher J. Dalton to Hon. Tonianne J. Bongiovanni of 3/30/2018 at 1; Docket Entry No. 52). On October 26, 2018, the Court entered a Memorandum Opinion and Order granting Plaintiff's motion for attorneys' fees in part. (Docket Entry Nos. 55 & 56). The Court awarded Plaintiff attorneys' fees and costs in the amount of $22,825.00 and $536.00 respectively. Mem. Op. of 10/26/2018 at 19. The Court directed Defendants to pay same no later than November 9, 2018. *Id*.

On November 16, 2018, Plaintiff filed a motion for entry of judgment under FED.R.CIV.P. ("Rule") 54(b). (Docket Entry No. 57). In same, Plaintiff requested that the Court enter a Final Judgment against the PLLC, ICS, Nauseef, as well as Theodore Lachman based on the fact that they neither paid the attorneys' fees and costs set forth in the Court's Memorandum Opinion and Order of October 26, 2018, nor appealed that Opinion and Order. (*See* Notice of Motion of 11/16/2018, ¶¶ 3-5; Docket Entry No. 57). Plaintiff's motion was given a return date of December 17, 2018.

On November 29, 2018, the Court reset the motion date to January 7, 2019. On November 30, 2018, the Court received a letter from Christopher Dalton seeking permission for him and his

firm to withdraw as counsel. (Docket Entry No. 59). The Court directed Mr. Dalton to file a formal motion to be relieved as counsel and indicated that Defendants would have the opportunity to object to counsel's request. Letter Order of 12/7/2018; Docket Entry No. 60. In its Letter Order, the Court also stayed Plaintiff's motion for entry of judgment.

Prior to the formal motion to withdraw being filed, in response to Plaintiff's motion for entry of judgment, Defendant Theodore Lachman ("Lachman") filed an opposition and cross motion to dismiss. (Docket Entry No. 61). In the cross motion, Lachman argued that the Court lacks jurisdiction over him because he was never served with a Summons or the Amended Complaint, and because Mr. Dalton did not have explicit or apparent authority to represent that Lachman agreed to be jointly and severally liable in his personal capacity for the settlement in this matter. (*See generally*, Mem. in Opp. of Motion for Entry of Judgment and in Support of Motion to Dismiss; Docket Entry No. 62). Shortly after Lachman filed his cross motion, Mr. Dalton, in compliance with the Court's Letter Order of December 17, 2018, filed his formal motion to withdraw as counsel for Defendants. (Docket Entry No. 66). Thereafter, Plaintiff filed a reply brief in further support of his motion for entry of judgment and in opposition to Lachman's cross motion to dismiss. [Docket Entry No. 67].

While the Court had already stayed Plaintiff's motion for entry of judgment pending a decision on Mr. Dalton's motion to withdraw, given the additional motion practice described above, the Court exercised its discretion governing matters of docket control, and administratively terminated the motion for entry of judgment and cross motion to dismiss, pending a decision on the motion to withdraw. *See* Letter Order of 5/2/2019; Docket Entry No. 68; *see also United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey*

3

*v. Pfeiffer*, Civil Action No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]")

On August 9, 2019, the Court granted Mr. Dalton's motion to withdraw. Letter Order of 8/9/2019; Docket Entry No. 69. In same, the Court noted that neither the PLLC nor ICS was permitted to proceed in this matter without counsel. As a result, the Court afforded them and Nauseef, if he so chose, until September 10, 2019 to retain new counsel. *Id*. at 4. The Court later extended the deadline for counsel to be retained until September 24, 2019. *See* Letter Order of September 9, 2019; Docket Entry No. 73. When neither the PLLC, ICS or Nauseef retained new counsel by the deadline set by the Court, Plaintiff refiled the instant motion for judgment as a matter of law as to the PLLC, ICS and Nauseef. As noted above, none of these Defendants filed any objection to Plaintiff's first request for the entry of a final judgment; nor have they raised any objection since.

**II.     Legal Standard and Analysis**

According to Rule 54(b):

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Supreme Court has expressed the basic tenets of Rule 54(b) as follows:

> Nearly a quarter of a century ago, in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), this Court outlined the steps to be followed in making determinations under Rule 54(b). A district

> court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." 351 U.S., at 436.
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Ibid*. This discretion is to be exercised "in the interest of sound judicial administration." *Id., at 437*.
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Id*., at 438. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the other remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Here, Plaintiff seeks a final judgment in the amount of $23,361.00 for attorneys' fees and costs against the PLLC, ICS and Nauseef. There is no dispute that what Plaintiff is seeking is a judgment, *i.e.*, a decision upon a cognizable claim for relief, or that the judgment is final – it represents the ultimate disposition of Plaintiff's claim for attorneys' fees and costs as to the PLLC, ICS and Nauseef. The only question that remains is whether there is any just reason to delay the entry a judgment. The Court finds that there is not. In reaching this decision, the Court has considered whether the claims under review are separable from those remaining against Lachman. The Court finds that they are. No issue has been raised by the PLLC, ICS or Nauseef regarding the Court's Memorandum Opinion and Order awarding Plaintiff $22,825.00 in attorneys' fees and

$536.00 in cost. None of these Defendants attempted to join in Lachman's cross motion to dismiss; nor could they reasonably do so, given the arguments Lachman has raised in support of his motion. Indeed, those arguments are uniquely situated to his individualized circumstances. In light of the foregoing, the Court finds it unlikely that an appellate court would be faced with the same issues even if two appeals are filed. As such, the Court finds no just reason to delay the entry of a final judgment against the PLLC, ICS and Nauseef.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion seeking entry of a Final Order and Judgment against the PLLC, ICS and Nauseef is GRANTED. An appropriate Order follows.

Dated: March 27, 2020

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**