**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRIAN A. PICCINETTI,** | **Civil Action No. 16-4032 (TJB)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **CLAYTON, MYRICK, MCCLANAHAN & COULTER, PLLC, et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Brian A. Piccinetti's (Plaintiff) motion seeking to amend the Judgment entered against Theodore Lachman ("Mr. Lachman") to include the additional attorneys' fees and costs Plaintiff incurred in connection with getting the entry of Judgment against Mr. Lachman. (Docket Entry No. 89). Mr. Lachman has opposed Plaintiff's motion. The Court has fully reviewed and considered the arguments made in support of and in opposition to Plaintiff's motion. For the reasons set forth below, Plaintiff's motion is GRANTED.

## I.  Background and Procedural History

Given the parties and the Court's familiarity with this case, the Court does not restate the entirety of this matter's factual background herein. Instead, the Court references the background included in its Memorandum Opinion of November 24, 2021 (Docket Entry No. 87), and sets forth only those facts most relevant to Plaintiff's pending motion to amend the Judgment entered against Mr. Lachman.

On November 24, 2021, the Court entered a Memorandum Opinion and Order granting Plaintiff's motion, which sought the entry of a Final Order and Judgment against Mr. Lachman. (Docket Entry Nos. 87 and 88). Specifically, pursuant to FED.R.CIV.P. ("Rule") 54, the Court

ordered, adjudged and decreed that a final Judgment in the amount of $23,361.00 for attorneys' fees and costs be awarded in Plaintiff's favor against Mr. Lachman. The Court also denied Mr. Lachman's cross motion to dismiss.

The final Judgment entered on November 24, 2021, did not include the attorneys' fees and costs associated with Plaintiff's efforts to obtain the entry of Judgment against Mr. Lachman, namely, the fees and costs incurred over the motion practice and hearing related to Plaintiff's motion for entry of Judgment (Docket Entry No. 57). Nor did it include fees and costs associated with Mr. Lachman's cross motion to dismiss (Docket Entry No. 61). These additional fees and costs total $25,550, which is comprised of 51.1 hours of work billed at a rate of $500.00 per hour.[1] Through the instant motion, Plaintiff seeks to amend the Judgement previously entered, requesting that the Court amend the previous Judgment, ordering Mr. Lachman to pay attorneys' fees and costs totaling $48,911, which includes the $23,361 previously entered, plus the additional $25,550.

Mr. Lachman opposes Plaintiff's motion. First, Mr. Lachman contends that Plaintiff's motion is time barred according to Rule 54(d)(2)(B). Further, Mr. Lachman claims that the motion does not fall within the parameters of Rule 59(e). (*See* Opp. at 7-8: Docket Entry No. 90-1). As such, he argues that Plaintiff's motion is improper under the Federal Rules of Civil Procedure, and, therefore, should be denied.

In addition, Mr. Lachman asserts that even if the Court considers Plaintiff's motion, the Court should still deny same because the fees Plaintiff seeks to recover are unreasonable. Mr. Lachman challenges both the hourly rate used by Plaintiff as well as the hours billed in arguing that Plaintiff's motion should be denied. With respect to the hourly rate, Mr. Lachman claims that

---

[1] As discussed later herein, there is also a question regarding whether Plaintiff is seeking to recoup a $560.00 process server fee.

Plaintiff's counsel, Ari Marcus, Esq.'s, $500 per hour billing rate is exorbitant and unreasonable "given the facts and circumstances of this case." (*Id.* at 13).  Mr. Lachman notes that Mr. Marcus was awarded fees at a rate of $400.00 an hour on October 26, 2018.  He contends that Mr. Marcus "should not be permitted to backdate his current rates" for purposes of the pending motion.  (*Id.*)

Further, Mr. Lachman challenges the numbers of hours billed by Mr. Marcus.  Specifically, he argues that the following 16 time entries should be disallowed because they represent "impermissible administrative entries[:]"

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/15/2018 | Emails re: motion for judgment with Dalton | 0.40 |
| 11/30/2018 | Review letter from Dalton re: being relieved of counsel | 0.30 |
| 01/03/2019 | Review Dalton motion to withdraw | 0.60 |
| 04/25/2019 | Emails with the court re: settlement agreement | 0.20 |
| 05/02/2019 | Review Court Order re: motion to relieve and pending motions | 0.20 |
| 08/09/2019 | Review opinion and order re: motion to relieve | 0.90 |
| 05/12/2021 | Review email for Judge Bongiovanni regarding adjourning hearing and to discus witnesses, and emails from Dalton | 0.10 |
| 05/13/2021 | PC with court re: whether to provide us Dalton exhibits | 0.40 |
| 05/20/2021 | Review objection from Lachman and ICS to disclosure communications, prepare a response | 0.80 |
| 05/25/2021 | Review Order: re: supplemental correspondences between Dalton and Lachman | 0.20 |
| 06/01/2021 | Consult with all parties on new hearing date | 0.30 |
| 06/04/2021 | Review Dalton's exhibit to motion to withdraw. Emails between Dalton and Lachman and time records | 1.90 |
| 07/14/2021 | Review filings against Lachman and ICS, reach out to opposing counsel in those matter. Amend questions for Lachman and opening | 3.20 |
| 07/29/2021 | Review transcript for accuracy | 1.40 |
| 11/24/2021 | Review courts order and opinion | 0.80 |
| 12/02/2021 | Prepare discovery to assist in collection of judgment and forwarded to Richard Perry | 1.70 |

(*Id.* at 15).

Likewise, Mr. Lachman identifies the following 25 entries, which he argues should be rejected or reduced because the time spent is excessive and/or "Plaintiff's counsel has failed to meet his burden to show that the . . . block-billed entries are reasonable[:]"

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/14/2018 | Research for Motion for Entry of Judgment | 2.70 |
| 11/14/2018 | Begin working on Motion for Entry of Judgment | 1.00 |
| 11/15/2018 | Finalize Motion for Entry of Judgment | 2.50 |
| 12/26/2018 | Review Lachman Motion to Dismiss | 1.40 |
| 12/27/2018 | Review cross motion, review file and emails, talk to YZ, research | 2.60 |
| 01/02/2019 | Research issues laid out in cross motion to dismiss; review emails between parties, correspondences, Judge Shipp's Order, etc. | 3.40 |
| 01/09/2019 | Continue working on reply brief and opposition to Motion to dismiss | 1.70 |
| 01/15/2019 | Finalize reply brief and opposition | 1.80 |
| 05/02/2019 | Review Court Order re: motion to relieve and pending motions | 0.20 |
| 08/09/2019 | Review opinion and order re: motion to relieve | 0.90 |
| 05/05/2021 | Begin preparing for oral argument re: motions. Review correspondences between parties, research case law, draft opening. Draft questions for Dalton and Lachman | 4.80 |
| 05/11/2021 | Finalize preparation for oral argument. Prep with YZ | 3.60 |
| 05/13/2021 | PC with court re: whether to provide us Dalton exhibits | 0.40 |
| 05/17/2-21 | Research attorney client issues | 1.40 |
| 05/20/2021 | Review objection from Lachman and ICS to disclosure communications, prepare a response | 0.80 |
| 05/25/2021 | Review Order: re: supplemental correspondences between Dalton and Lachman | 0.20 |
| 06/01/2021 | Consult with all parties on new hearing date | 0.30 |
| 06/04/2021 | Review Dalton's exhibit to motion to withdraw. Emails between Dalton and Lachman and time records | 1.90 |
| 06/29/2021 | PC re: attorney client privilege issues | 0.8 |
| 07/14/2021 | Review filings against Lachman and ICS, reach out to opposing counsel in those matters. Amend questions for Lachman and opening | 3.20 |
| 07/19/2021 | Continue prep for oral argument; research potential attorney client issues, settlement authority. Prepare questions for Dalton | 3.50 |
| 07/21/2021 | Finalize prep. Discus with YZ | 2.40 |
| 07/29/2021 | Review transcript for accuracy | 1.40 |

| 11/24/2021 | Review courts order and opinion | 0.80 |
| 12/02/2021 | Prepare discovery to assist in collection of judgment and forwarded to Richard Perry | 1.70 |

(*Id*. at 18-19).  Of the aforementioned time entries, Mr. Lachman explicitly raises issues with the following entries, in which he described "Counsel's use of block billing" as "particularly egregious":

- 12/27/2018 in which Plaintiff's counsel billed 2.60 hours of work to "[r]eview cross motion, review file and emails, talk to YZ, research."  Mr. Lachman contends that this entry is improper because "[t]here is no break down on how much legal work that could even be billable is contained in the entry" and argues that he should "not have to pay billables dedicated to conversations with [Mr. Marcus's] law partner without further sufficient description of that contribution to legitimate legal work." (*Id*. at 19)

- 05/11/2021 in which Plaintiff's counsel billed 3.60 hours to "[f]inalize preparation for oral argument. Prep with YZ" and 07/21/2021 in which Plaintiff's counsel billed 2.40 hours to "[f]inalize prep. Discus with YZ[.]"  Mr. Lachman contends that these entries are improper because, as stated above, he should "not have to pay billables dedicated to conversations with [Mr. Marcus's] law partner without further sufficient description of that contribution to legitimate legal work."  (*Id*.)

- 05/05/2021 in which Plaintiff's counsel billed 4.80 hours to "Begin preparing for oral argument re: motions.  Review correspondences between parties, research case law, draft opening.  Draft questions for Dalton and Lachman."  Mr. Lachman points to this entry as another example of poor block billing.  (*Id*.)

- 01/02/2019 in which Plaintiff's counsel billed 3.4 hours to "Research issues laid out in cross motion to dismiss; review emails between parties, correspondences, Judge Shipp's

Order, etc." Mr. Lachman argues that this entry fails "[o]n its face" and is "unreasonable, given that it is not clear exactly what [Mr. Marcus] is doing on this particular entry, including 'etc.'" (*Id*. at 20).

In addition, Mr. Lachman argues that the collective 6.2 hours Mr. Marcus billed with respect to his motion for entry of judgment,[2] are excessive, noting that the actual filing "is comprised of a two-page motion with no legal arguments, two exhibits, and two proposed orders." (*Id*.) Mr. Lachman contends that "[s]omeone with Plaintiff's counsel's experience should be able to do this otherwise straightforward administrative task in a more efficient manner." (*Id*.)

Last, Mr. Lachman argues that he should not have to pay costs related to the prior judgment. Specifically, he claims that he should not be assessed the $560.00 process server fee outlined in the time entry from 11/05/2020 both because there is no description of what was served and because "no judgment was entered against Mr. Lachman at this time." (*Id*.)

## II.    Legal Standard and Analysis

Pursuant to Rule 54(d)(2)(B)(i), "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees and related nontaxable expenses must "be filed no later than 14 days after the entry of judgment[.]" Local Civil Rule 54.2, which is one of this Court's standing orders, has extended the 14-day deadline set forth in Rule 54(d)(2)(B)(i). As a result, in this District, pursuant to L.Civ.R. 54.2(a), "[i]n all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L.Civ.R. 7.1"

---

[2] The 6.2 hours of work are set forth above in the two entries from 11/14/2018 and the one entry from 11/15/2018.

This Court's initial Order, granting Plaintiff's motion for a final Judgment was entered on November 24, 2021. Plaintiff filed the instant motion seeking to alter same to collect the attorneys' fees and expenses permitted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, on December 21, 2021, 27 days after the initial final Judgment was entered. As a result, Plaintiff's motion is timely and there is nothing improper about it. Moreover, the FDCPA entitles prevailing parties, like Plaintiff, to recover their reasonable attorneys' fees and costs. Therefore, the Court turns to the reasonableness of the fees and costs requested by Plaintiff.

Generally, courts use the "lodestar" method in evaluating a fee application and, indeed, the lodestar calculation is presumed to yield a reasonable attorney fee award. *See Machado v. Law Offices of Jeffrey*, Civil Action No. 14-7401 (MAS) (TJB), 2017 WL 2838458, *2 (D.N.J. June 30, 2017). Under the lodestar method, an attorney's reasonable hourly rate is multiplied by the number of hours the attorney reasonably spent working on a matter. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Blum v. Stenson*, 565 U.S. 886, 888 (1984) (citations omitted)).

The "party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id.* (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Reasonable hourly rates are typically determined based on the market rate in the attorney's community for lawyers of similar expertise and experience." *Machado*, 2017 WL 2838458, at *2 (citing *Interfaith*, 426 F.3d at 713). *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, (3d Cir. 2001). The attorney seeking fees bears the burden of establishing that the rate requested "constitutes a reasonable market rate for the essential character and complexity of the legal services rendered." *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). With respect to the hours claimed, it is incumbent upon the Court to "exclude hours that are not

reasonably expended." *Rode*, 892 F.2d at 1183 (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Id*. The Court, however, may not reduce a fee award *sua sponte*. Instead, "it can only do so in respect to specific objections made by the opposing party. But once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Interfaith*, 426 F.3d at 711 (citing *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989).

Further, while the lodestar calculation is "strongly presumed to yield a reasonable fee" (*Washington v. Phila. County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dauge*, 505 U.S. 557 (1992)), "[t]he court can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 434-37). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). In fact, the Court "retains a great deal of discretion in deciding what a reasonable fee award is" (*Bell*, 884 F.2d at 721), and, it is understood that "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Evans*, 273 F.3d at 362.

Here, Plaintiff seeks to recover fees incurred by his attorney. Mr. Marcus states that, although the rate last applied by the Court in October 26, 2018, was $400.00 per hour, his fee rate has since increased to $500.00 an hour. In support of this rate increase, Mr. Marcus references

several cases in which he was awarded that fee.[3]  (*See* Br. at 4 n.1, Docket Entry No. 89-1; Reply at 3, Docket Entry No. 91).  As previously noted, Mr. Lachman has raised an objection to this rate, arguing that Plaintiff's counsel "should not be permitted to backdate his current rates[,]" and also suggesting that a rate in the range of $350.00 per hour or $400.00 per hour would be reasonable given the nature of Mr. Marcus's work.  (Opp. at 13)

In determining what constitutes a reasonable market rate, "the current market rate must be used." *Lanni v. New Jersey*, 259 F.3d 146 at 149 (3d Cir. 2001).  Importantly, "[t]he current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." *Id*.  Indeed, the Third Circuit has specifically rejected the notion that actual historic rates should be utilized or that a graduated scale based on past rates should apply: "We are uncertain how the District Court believed its professed used of the current market rate could be harmonized with a graduated scale that awarded historic rates.  A current market rate is exactly that – a reasonable rate based on the currently prevailing rates in the community for comparable legal services.  It is not a graduated schedule of past rates." *Id*. at 151.  Here, the Court finds that Plaintiff has established that the current prevailing rate for an attorney of Mr. Marcus's skill and experience in the community for comparable FDCPA based legal services is $500.00 per hour.  As a result, the Court utilizes that rate in considering the fees requested in the instant motion.

Turning to the hours of work reasonably performed by Mr. Marcus, the Court notes that Mr. Lachman has objected to the fees sought contending that Plaintiff is seeking to impermissibly recoup fees for time spent on administrative tasks, excessive entries and block billed entries that

---

[3] While not critical to the instant motion, the Court notes that in October 2018, when the Court used $400.00 an hour as Mr. Marcus's reasonable rate, the Court did so while acknowledging that Mr. Marcus customarily charged $450.00 an hour, but had agreed for the purposes of that motion to utilize $400.00 an hour instead.

Plaintiff failed to establish are reasonable.  As for the administrative tasks, the Court finds that work that is administrative in nature is not typically billed, and, as such, the usual practice is to exclude time spent on such tasks when calculating an award of attorneys' fees.  However, the entries identified by Mr. Lachman do not correspond to administrative tasks.  As stated in *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F.Supp. 2d 452, 472 (D.N.J. 2012), "[a]dministrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk."  None of the tasks identified by Mr. Lachman fall into these or similar categories.  Rather, on their face, the 16 entries in question identify substantive legal tasks for which an attorney would bill, such as reviewing opposing counsel's correspondence, emailing with the Court, and reviewing opposing counsel's motion.  As a result, the Court finds that the hours spent on the tasks outlined in the 16 challenged entries are reasonable and properly included in Plaintiff's motion.

With respect to Plaintiff's counsel's use of block billing, the Court notes that "[i]n this Circuit, '[b]lock billing is a common practice which itself saves time in that the attorney summarizes activities rather than detailing every task and such billing will be upheld if the listed activities reasonably correspond to the number of hours billed."  *U.S. v. NCH Corp.*, Civil Action Nos. 98-5268 (SDW)(MCA), 05-881 (SDW)(MCA), 2010 WL 3703756, *4 (D.N.J. Sept. 10, 2010) (quoting *U.S. ex rel. Doe v. Pa. Blue Shield*, 54 F.Supp. 2d 410, 415 (M.D.Pa. 1999)).  Indeed, "[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."  *Rode*, 892 F.2d 1177, 1190 (3d Cir. 1990).  This is true even when a block billing entry is vague.  Even then, rather than "exclude the entire entry[,]" the Court should "look at the entire block, comparing the listed

activities and the time spent, and determining whether the hours reasonably correlate to all of the activities performed." *NCH Corp.*, 2010 WL 3703756, at *4.

When taking this approach, it is clear that Mr. Marcus's use of block billing is perfectly acceptable.  While the Court does not know the precise number of minutes Mr. Marcus spent on the specific tasks included in the identified block billed entries, a review of these entries makes it clear that the hours expended correlate to the activities performed and are reasonable.  Further, despite Mr. Lachman's objections to the contrary, the bulk of Mr. Marcus's block billing entries are not vague.  There is only one block billing entry that the Court finds questionable, namely, the entry from January 2, 2019, in which Mr. Marcus states that he spent 3.40 hours to "[r]esearch issues laid out in cross motion to dismiss; review emails between parties, correspondences, Judge Shipp's Order, etc."  Though the context of the entry suggests that "etc." refers to Mr. Marcus's review of other court filings pertinent to the cross motion to dismiss, its use does raise uncertainty as to what other work was performed.  However, even if the "etc." notation was excluded from the assessment, the Court finds that 3.4 hours is a reasonable amount of time for Mr. Marcus to have expended on researching issues set forth in Mr. Lachman's cross motion to dismiss, and reviewing emails between the parties, correspondences, and Judge Shipp's Order.  As a result, the Court shall not exclude any time from this entry or other identified block billing entries.

Turning to Mr. Lachman's complaints about the excessive nature of the hours spent by Mr. Marcus on the identified tasks, the Court notes that Mr. Lachman largely "allege[s] in general terms that the time spent was excessive."  *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989).  However, as stated in *Bell*, this mere allegation is an insufficient basis to reduce an award.  Challenges regarding the excessive nature of an attorney's billing "must generally identify the type of work being challenged, and . . . must specifically state the adverse

party's grounds for contending that the hours claimed in that area are unreasonable." *Id.* Thus, while the challenging party may point to an entire category or even several categories of work, the party must "specify with particularity the reason for its challenge and the category (or categories) or work being challenged[.]" *Id*. at 721.

The only time Mr. Lachman sufficiently does so, is when he objects to the 6.2 collective hours of work Mr. Marcus spent on Plaintiff's motion for entry of judgment. In his objection, Mr. Lachman claims that the 6.2 hours billed is excessive because the actual filing "is comprised of a two-page motion with no legal arguments, two exhibits, and two proposed order[,]" and "[s]omeone with Plaintiff's counsel's experience should be able to do this otherwise straightforward administrative task in a more efficient manner." (*Id*.) The Court, however, finds Mr. Lachman's objection to be misplaced. His description of the work performed by Mr. Marcus under exaggerates the work actually performed. Mr. Marcus's filing sets forth the factual basis for the requested judgment, including the underlying documents supporting same. Further, the time devoted to the filing includes research Mr. Marcus performed prior to making the filing. The Court finds the 6.2 hours billed by Mr. Marcus for the work performed is reasonable.

Further, to the extent Mr. Lachman challenges the entries in which Mr. Marcus consults with Mr. Zelman, the Court finds that the opposition lacks merit. "[C]ollaboration among counsel representing the same litigants or litigants with similar interests is not unreasonable." *Montone v. City of Jersey City*, No. 2-06-CV-3790 (SRC), 2020 WL 7041570, at *12 (D.N.J. Dec. 1, 2020), *adopted*, No. CV 06-280 (SRC), 2021 WL 8083765 (D.N.J. Jan. 12, 2021), *appeal dismissed,* No. 21-1266, 2021 WL 3626461 (3d Cir. Mar. 2, 2021). Mr. Lachman points to three entries, which include references to Mr. Marcus collaborating with Mr. Zelman. These entries are from December 27, 2018, May 11, 2021, and July 21, 2021. While Mr. Lachman argues that he "should

not have to pay billables dedicated to conversations with his law partner without further sufficient description of that contribution to legitimate legal work" (Opp. at 19), the Court is unpersuaded by Mr. Lachman's challenge.  The entries at issue are sufficiently specific.  They respectively indicate that Mr. Marcus talked with Mr. Zelman in the context of reviewing Mr. Lachman's cross motion to dismiss, prepared with Mr. Zelman while planning for oral argument, and discussed the case with Mr. Zelman while finalizing his preparation for oral argument.  After reviewing all of the tasks outlined in the entries that include the collaborations with Mr. Zelman and the total time spent on the entries, the Court finds that the hours spent are reasonable in light of all of the activities performed.

Last, the Court examines the $560.00 process server fee dated November 5, 2020. Generally, such expenses would be recoverable through a motion such as Plaintiff's.  However, it is unclear from Plaintiff's motion exactly what Legal Wheels served and on whom.  Plaintiff's motion fails to specify this information, and there is nothing on the docket indicating that anything was served on or close to November 5, 2020.  As a result, the Court strikes the $560.00 process server fee.[4]

---

[4] It is unclear whether Plaintiff is, in fact, pursuing the $560.00 process server fee in the instant motion.  While the fee is included in time sheet attached to Plaintiff's motion as Exhibit A (Docket Entry No. 89-3), it does not otherwise seem to be referenced, nor is the fee included in the $48,911 fee requested in Plaintiff's moving and reply briefs.  Regardless, to the extent Plaintiff was seeking to recover the fee, he shall not be permitted to do so.

**III.     Conclusion**

For the reasons stated above, Plaintiff's motion is GRNATED.  The judgment entered in this matter is amended to include an additional award of $25,550 in attorneys' fees, comprising of 51.1 hours billed at $500.00 per hour.  An appropriate Order follows.

Dated:  June 30, 2022

<u>s/Tonianne J. Bongiovanni</u>
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**