UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN A. PICCINETTI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CLAYTON, MYRICK, MCCLANAHAN & COULTER, PLLC, et al.,**<br><br>**Defendants.** | Civil Action No. 16-4032 (TJB)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Theodore Lachman's ("Mr. Lachman") motion to vacate judgment, for reconsideration, to dismiss the action against him, and to vacate the referral of this matter to Magistrate Judge Jurisdiction (Docket Entry No. 96), as well as his letter, enclosing an application requesting that this matter be reviewed and reconsidered, and the Court's rulings vacated (Docket Entry No. 98). Plaintiff Brian A. Piccinetti (Plaintiff) has opposed Mr. Lachman's motion. The Court has fully reviewed and considered the arguments made in support of and in opposition to Mr. Lachman's motion and application. The Court considers same without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Mr. Lachman's motion and application are DENIED.

**I.    Background and Procedural History**

Given the parties and the Court's familiarity with this case, the Court does not restate the facts underlying these proceedings at length herein. Rather, the Court references and incorporates the background set forth in Its Memorandum Opinion of November 24, 2021 (Docket Entry No. 87), and only briefly outlines those facts most relevant to Mr. Lachman's pending motion and application.

On November 24, 2021, the Court entered a Memorandum Opinion and Order, granting Plaintiff's motion, which sought the entry of a Final Oder and Judgment against Mr. Lachman. (Docket Entry Nos. 87 and 88). Specifically, after hearing argument on Plaintiff's motion seeking the entry of a Final Order and Judgment against Mr. Lachman as well as on Mr. Lachman's cross motion to dismiss, the Court, pursuant to FED.R.CIV.P. ("Rule") 54, ordered, adjudged and decreed that a final Judgment in the amount of $23,361.00 for attorneys' fees and costs be awarded in Plaintiff's favor against Mr. Lachman.  The Court also denied Mr. Lachman's cross motion to dismiss.

On June 30, 2022, the Court entered a Memorandum Opinion and Order granting Plaintiff's motion to alter the Judgment entered against Mr. Lachman to include an additional grant of attorneys' fees in the amount of $25,550.00.  As a result, a Judgment in the amount of $48,911.00, representing the original award of $23,361.00 in attorneys' fees and costs in addition to the new award of $25,550 in attorneys' fees, was awarded in Plaintiff's favor against Mr. Lachman. (Docket Entry Nos. 92 and 93).  The Court also ordered, adjudged and decreed that "interest will accrue" on the Judgment imposed "at the statutory post-judgment rate until the judgment is satisfied[.]"  (Order of 6/30/2022; Docket Entry No. 93).

On July 28, 2022, Mr. Lachman filed a notice of appeal as to the Court's Order granting Plaintiff's motion to alter the Judgment entered against Mr. Lachman.  (Docket Entry No. 94).  On August 12, 2022, Mr. Lachman filed the pending motion to vacate judgment, for reconsideration, to dismiss the action against him, and to vacate the referral of this matter to Magistrate Judge Jurisdiction, which the Court herein considers.  The Court also considers herein, a letter filed by Mr. Lachman on August 26, 2022, enclosing an application requesting that this matter be reviewed and reconsidered, and the Court's rulings vacated.

The crux of Mr. Lachman's motion as well as his application is his argument that the Judgment entered against him as well as the undersigned's exercise of jurisdiction over him must be vacated because:

> I did not consent for this matter to be heard or for a ruling or judgement to be made in Magistrate Court on any Motion. And, I definitely did not consent for final judgement or any kind of a judgement to be entered against me. Actually, I was never even given the opportunity to object to Magistrate Court jurisdiction or ruling of any kind on any Motion as to me.

(Lachman Motion at 1; Docket Entry No. 96). Indeed, Mr. Lachman argues that all findings made with respect to him, including the Judgment entered against him, have to be vacated because: (1) he was neither served with process nor waived his right to challenge jurisdiction; (2) he was not given written notice of the opportunity to consent to Magistrate Judge jurisdiction, he did not file a statement consenting to the referral of this matter to Magistrate Judge jurisdiction, and the undersigned did not advise him that he was free to withhold consent to Magistrate Judge jurisdiction as required by Rule 73; (3) no findings made by the undersigned were submitted to an Article III, District Judge as required by 28 U.S.C. §636(b)(1)(B); and (4) there is no signed written document evidencing Mr. Lachman's agreement to pay the Judgment in this matter; instead, "[a]ny agreement on my part in this case was simply an oral agreement to pay the judgment debt of the other three Defendants in this case." (Mem. in Support of Motion at 3-4, attached to Letter from Mr. Lachman to Clerk of 8/26/2022; Docket Entry No. 98).

Mr. Lachman supports his arguments with correspondence he received from the Third Circuit Court of Appeals. Specifically, he relies on a letter from the Clerk of the Third Circuit Court of Appeals to the parties dated August 3, 2022, in which the Clerk advised:

> The order that you have appealed might not be reviewable at this time by a Court of Appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. § 1291 (enclosed). Absent consent of

3

> all of the parties to proceed before a Magistrate Judge, appeal of an order issued by a Magistrate Judge is to a District Judge. 28 U.S.C. § 636(b)(1) &(c)(1). It is not clear whether Appellant Theodore Lachman consented to the Magistrate Judge's adjudication of the case on appeal.

(Letter from Patricia S. Dodszuweit to Parties of 8/3/2022 at 1-2, attached to Lachman Motion; Docket Entry No. 96).

Plaintiff opposes Mr. Lachman's efforts to vacate the Judgment entered against him as well as Mr. Lachman's attempts to vacate the referral to Magistrate Judge jurisdiction or otherwise reconsider the findings made in this case. In support of his opposition, Plaintiff argues that the law of the case doctrine as well as the standard for reconsideration require the denial of Mr. Lachman's motion.

With respect to the law of the case doctrine, Plaintiff maintains:

> [T]he parties' consent to Magistrate Jurisdiction was an integral part of the settlement reached by the parties. *See*, Docket 87, at 14 (noting that "All of the essential terms of the settlement were outlined in Mr. Dalton's email of December 28, 2017" including that "the parties consented to Magistrate Judge jurisdiction for the fee award and would follow the briefing schedule set by the Court regarding same"). And this Court has already found that Mr. Dalton had the requisite authority to bind Mr. Lachman to that agreement. Accordingly, Mr. Lachman's current motion is barred by the law of the case doctrine.

(Pl. Br. at 3 (citations omitted); Docket Entry No. 97).

Further, with respect to reconsideration, Plaintiff argues that Mr. Lachman utterly fails to establish that the remedy is warranted under L.Civ.R. 7.1(i). In this regard, Plaintiff points out that Mr. Lachman's request for reconsideration is untimely as the decision being challenged was entered on November 24, 2021, nine months ago, and L.Civ.R. 7.1(i) requires motions for reconsideration to be made "'within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.'" (Pl. Br. at 4 (quoting L.Civ.R. 7.1(i))). Moreover,

4

Plaintiff contends that regardless of the untimeliness of the motion, Mr. Lachman's request for reconsideration must still be denied because "Mr. Lachman offers no reasons for why he believes that the Court erred in finding that Mr. Dalton had the authority needed to bind him to the parties' agreement, nor does he point to any facts the Court overlooked in reaching that finding. And there is no basis in the record to support such a finding; not after the Court painstakingly conducted a hearing on this exact issue, and made credibility determinations based on the demeanor of the testifying witnesses." (*Id*. (citations omitted)). As a result, Plaintiff argues that Mr. Lachman's motion should be denied.

## II.     Legal Standard and Analysis

Rule 73 governs consent to Magistrate Jurisdiction. Pursuant to Rule 73(a), "When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."

Rule 73(b) sets forth the consent procedure. According to Rule 73(b):

> (1) In General. When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c). To signify their consent, the parties must jointly or separately file a statement consenting to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral.
> (2) Reminding the Parties About Consenting. A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences.
> (3) Vacating a Referral. On its own for good cause – or when a party shows extraordinary circumstances – the district judge may vacate a referral to a magistrate judge under the rule.

As noted, Mr. Lachman contends that the undersigned's exercise of jurisdiction over him must be vacated, as must the Judgment entered against him, as well as the decisions rendered by

this Court, because he never filed a statement consenting to Magistrate Jurisdiction as required by Rule 73(b)(1).  Mr. Lachman's argument that, to be valid, consent requires the filing of a statement signifying his consent to Magistrate Jurisdiction is erroneous.

The absence of a written statement specifically indicating his consent to Magistrate Judge jurisdiction is not fatal to this Court's exercise of jurisdiction over him.  Instead, as the United States Supreme Court detailed in *Roell v. Withrow*, consent under 28 U.S.C. § 636(c) and Rule 73 may be implied and need not be expressed in a writing:

> The procedure created by 28 U.S.C. § 636(c)(2) and Rule 73(b) thus envisions advance, written consent communicated to the clerk, the point being to preserve the confidentiality of a party's choice, in the interest of protecting an objecting party against any possible prejudice at the magistrate judge's hands later on. See also § 636(c)(2) ("Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent").
>
> Here, of course, § 636(c)(2) was honored in the breach, by a referral before Roell and Garibay gave their express consent, without any statement from them, written or oral, until after judgment. App. to Pet. for Cert. 19a. Nonetheless, Roell and Garibay "clearly implied their consent" by their decision to appear before the Magistrate Judge, without expressing any reservation, after being notified of their right to refuse and after being told that she intended to exercise case-dispositive authority. Ibid. The only question is whether consent so shown can count as conferring "civil jurisdiction" under § 636(c)(1), or whether adherence to the letter of § 636(c)(2) is an absolute demand.
>
> So far as it concerns full-time magistrate judges, the font of a magistrate judge's authority, § 636(c)(1), speaks only of "the consent of the parties," without qualification as to form, and § 636(c)(3) similarly provides that "[t]he consent of the parties allows" a full-time magistrate judge to enter a final, appealable judgment of the district court. These unadorned references to "consent of the parties" contrast with the language in § 636(c)(1) covering referral to certain part-time magistrate judges, which requires not only that the parties consent, but that they do so by "specific written request." Cf. also 18 U.S.C. § 3401(b) (allowing magistrate judges to preside over misdemeanor trials only if the defendant "expressly consents ... in writing or orally on the record"). A distinction is thus being made between consent simple, and

6

> consent expressed in a "specific written request." And although the specific referral procedures in 28 U.S.C. § 636(c)(2) and Federal Rule of Civil Procedure 73(b) are by no means just advisory, the text and structure of the section as a whole suggest that a defect in the referral to a full-time magistrate judge under § 636(c)(2) does not eliminate that magistrate judge's "civil jurisdiction" under § 636(c)(1) so long as the parties have in fact voluntarily consented. See *King v. Ionization Int'l, Inc.,* 825 F.2d 1180, 1185 (C.A.7 1987) (noting that the Act "does not require a specific form ... of consent").

*Roell*, 538 U.S. 580, 586–87, 123 S. Ct. 1696, 1701–02, 155 L. Ed. 2d 775 (2003).

The Supreme Court determined that the "mix of congressional objectives" was better served by upholding consent even when "a party has signaled consent to the magistrate judge's authority through actions rather than words[.]" *Id*. at 589. The Supreme Court also noted that "[i]nferring consent in these circumstances" also "checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored." *Id*. at 590.

Consistent with the *Roell* decision, the District of New Jersey has likewise recognized that express written consent is not required to satisfy the dictates of 28 U.S.C. § 636(c) and Rule 73. Instead, as set forth in *Festival Fun Parks, LLC v. Mountain Creek Resort, Inc.*:

> § 636(c) need not be strictly followed in order for the parties to consent to a Magistrate Judge's jurisdiction. Indeed, so long as consent is clear, it is effective. *Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.,* 31 F.Supp.2d 1082, 1083 (N.D.Ill.1999) (noting that the Seventh Circuit does not require a written consent but only that the consent be "unequivocal"). Moreover, consent may even be inferred from the parties' conduct. *See Roell,* 538 U.S. at 591.

*Festival Fun Park*, Civil Action No. 12-410 (FSH), 2015 WL 758467, at *6 (D.N.J. Feb. 23, 2015). Thus, as along as a party has clearly consented to the exercise of Magistrate Judge jurisdiction, whether explicitly in writing or implicitly through word or deed, the requirements of 28 U.S.C. § 636(c) and Rule 73(b) are satisfied.

As Plaintiff notes, the Court previously determined that Mr. Lachman clearly and unequivocally consented to the exercise of Magistrate Jurisdiction over the proceedings held in this matter. The Court did not reach this conclusion hastily. Rather, the Court undertook serious deliberation. The Court considered both the written evidence submitted by the parties and also conducted a hearing at which the Court heard argument from counsel, and considered and weighed testimony provided by two witnesses: Mr. Lachman and Christopher Dalton, Esq. After considering all the evidence presented, the Court determined that "Mr. Dalton represented Mr. Lachman in his personal capacity during the settlement discussions that took place in this matter and had express authority to settle this case on Mr. Lachman's behalf according to the terms provided to the Court on December 28, 2017." Mem. Op. of 11/24/2021 at 20; Docket Entry No. 87. Notably, one of the terms that Mr. Lachman expressly authorized Mr. Dalton to agree to was that Mr. Lachman consented to Magistrate Judge jurisdiction. *Id*. at 14.

For the reasons stated above, the fact that Mr. Lachman's consent to Magistrate Judge jurisdiction is not substantiated by a filed written statement is irrelevant. Based on the evidence presented, the Court determined that Mr. Lachman clearly and unequivocally gave said consent. This is sufficient under governing case law (*see Roell*, 538 U.S. at 586–87*; Festival Fun Park*, Civil Action No. 12-410 (FSH), 2015 WL 758467, at *6). Moreover, it is the law of the case. Mr. Lachman has provided no viable grounds upon which said determination should be overturned, vacated or reconsidered, certainly none under any of the provisions of Rule 73(b).

Further, Mr. Lachman has failed to establish that the extreme remedy of reconsideration is warranted under L.Civ.R. 7.1(i). Not only is the request for reconsideration untimely, but Mr. Lachman has failed to outline the matters or controlling decisions purportedly overlooked by the Court. While Mr. Lachman is obviously dissatisfied with the result obtained, dissatisfaction is not

an appropriate basis for seeking reconsideration. L.Civ.R. 7.1(i) similarly does not contemplate the Court "rethink[ing] what it had already thought through - - rightly or wrongly." *Oritani S&L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990).

### III.   Conclusion

For the reasons stated above, Mr. Lachman's motion to vacate judgment, for reconsideration, to dismiss the action against him, and to vacate the referral of this matter to Magistrate Judge Jurisdiction, as well as his letter, enclosing an application requesting that this matter be reviewed and reconsidered, and the Court's rulings vacated, are DENIED. An appropriate Order follows.

Dated:  February 6, 2023

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**